No. 10,512.

AXT v. JACKSON SCHOOL TOWNSHIP.

SCHOOL TOWNSHIP.—*Orders or Certificates.*—*Acts or Promises of School Trustee.*—*Estoppel.*—Where the trustee of a school township has issued an order or certificate of indebtedness, in the name of his township, without any consideration therefor, such order or certificate is invalid and void, and can not be enforced against the township; nor, in such case, will the acts, conduct or promises of the trustee, or of his successors in office, estop the township from pleading the want of consideration, as a sufficient defence to any suit against it upon such order or certificate.

From the Morgan Circuit Court.

*G. A. Adams* and *J. S. Newby*, for appellant.

*W. R. Harrison* and *W. E. McCord*, for appellee.

HOWK, J.—On the 22d day of March, 1881, the appellant sued the appellee in the court below, in a complaint of two paragraphs. In the first paragraph he alleged, in substance, that in 1870 one Michael S. Arnold was the trustee of Jackson School Township, in Morgan county, and, as such trustee, contracted with one A. J. Demoss for lumber to construct a school-house in such township; that thereby the township, on September 23d and 30th, and October 8th, 1870, became and was indebted to said Demoss for the lumber so furnished, in the sum of $315, and more; that, being so indebted, the said Arnold, as such trustee, as evidence of such indebtedness, executed and delivered to said Demoss four township orders or certificates, of the dates aforesaid, amounting in the aggregate to the sum of $315, and severally assigned in writing to the appellant by endorsement thereon; that by their terms such

orders or certificates were payable by appellee as soon as there might be funds on hand, and that, at various times since their execution, there had been funds on hand out of which to pay the same, and that each of the orders or certificates was then due and unpaid.

In the second paragraph of his complaint, the appellant sued upon the orders or certificates, described in the first paragraph, and, in addition to its averments, alleged, in substance, that during the years 1874, 1875 and 1876, the appellee, by its then trustee, requested appellant not to press the collection of such orders or certificates by suit, that appellee would pay the same as soon as it could raise the funds, and that it would make a special effort to accumulate funds to pay appellant's claim; that the appellant relied upon the promise of such trustee, and did not bring suit; that, during the years 1874 to 1877 inclusive, appellant was threatening and had determined to bring suit on such orders or certificates, and the appellee, by its then trustee, said to appellant that if he would not sue and harass appellee with a lawsuit, he, as such trustee, would pay such orders or certificates within a reasonable time thereafter; that appellant relied upon the promises of such trustee, and forbore to sue for more than four years, and a reasonable time had then elapsed, and that the orders or certificates were still due and unpaid, and that the lumber, for which they were given, was bought for and used in the construction of appellee's school-house. Wherefore, etc.

Appellee answered specially to the entire complaint, and to the first paragraph thereof in an additional paragraph of answer. Appellant's demurrers to each paragraph of answer, for the alleged insufficiency of the facts therein to constitute a defence to his action, were overruled by the court, and to each of these rulings he excepted. He then replied specially to appellee's answer, and to this reply appellee's demurrer, for the alleged want of facts, was sustained by the court. Appellant excepted to this ruling, and, refusing to reply further,

the answers were taken as true, and the court rendered judgment against him for appellee's costs.

The only error complained of in argument by the appellant's counsel is the overruling of the demurrer to the appellee's answer to the entire complaint.   In this answer, the appellee admitted that Arnold, as its trustee, executed and issued the township orders or certificates set forth in the complaint; but it averred that such orders or certificates, and each of them, were issued and delivered to A. J. Demoss without any consideration whatever.

It is conceded by appellant's counsel, as we understand them, that this paragraph of answer states a good defence to the first paragraph of the complaint.   But counsel claim that the paragraph of answer was bad on the demurrer thereto, because, while it purported on its face to be an answer to the entire complaint, it did not in fact answer all the material allegations of the second paragraph of the complaint.   If the answer is open to this objection, the demurrer thereto ought to have been sustained; for there is no rule of pleading more firmly settled by the decisions of this court than this, that each paragraph of answer must fully answer the entire complaint, or so much thereof as it purports to answer, or it will be held bad on a demurrer thereto, for the want of sufficient facts.   *Smith* v. *Little,* 67 Ind. 549; *Lash* v. *Rendell,* 72 Ind. 475; *Douch* v. *Bliss,* 80 Ind. 316.

In discussing this point, the appellant's counsel say that the second paragraph of complaint is not upon the township orders, "but upon the agreement to pay them if suit were not instituted, and, therefore, an answer of want of consideration as to the orders is not good as to this paragraph. The orders may have been without consideration, and yet if the appellee, by its agent, chose to pay them rather than go into court and fight them, or to agree to pay them at a future date rather than to go to the expense of litigating them, such an agreement, if accepted and acted upon by the owner of the orders, is binding, and the agreement to wait and not

sue is a sufficient consideration for the promise on the part of appellee. If ppellant was threatening to bring suit on the orders and to collect them of appellee, it had its choice to fight them and risk success, or to pay them so soon as it had funds on hand; and if it chose to pay, and, by an agreement to pay rather than stand a suit, induced appellant to forbear suit, it can not be heard to say now, when sued on the contract and agreement to pay, that the orders it agreed to pay are without consideration. Even if the court should find that the second paragraph is upon the orders, yet the appellee can not, over its agreement to pay, be heard to say there was no consideration for them in the beginning, unless all the principles of estoppel are violated."

This is the substance of the argument upon which the appellant's counsel rely for the reversal of the judgment below. They claim, that, although the township orders in suit were executed and issued without any consideration whatever therefor, yet the appellee became liable thereon, and was bound to pay the same, by reason of the promise of one of its trustees to pay, if the appellant would forbear to sue. This position, it seems to us, is wholly untenable. It will not do to say, we think, that the appellee is or could be estopped by anything said or done, or by any promise made, by any of its trustees, in relation to the payment of a claim which it did not owe. The trustee of a school township is something more than the agent of such township. He is a public officer, and his relations to his township are all of a fiduciary nature. In dealing with such trustee, the appellant was bound to take notice of his fiduciary character, and to know that he could only bind his township by his words and deeds, which were authorized by law. When the trustee of a school township issues an order or certificate of indebtedness in the name of his township, without any consideration whatever therefor, such order or certificate is invalid and void, and can not be enforced against such township. If the holder of such order or certificate forbear to sue the

township thereon upon the agreement of the trustee, or his successor in office, to pay the same at a futu'- date, or as soon as it has the necessary funds on hand, such agreement will not bind the township, nor estop it from pleading the want of consideration, as a sufficient defence to any suit against it upon such order or certificate.

The second paragraph of appellant's complaint is founded upon the orders or certificates of indebtedness described therein. The appellee's answer is, that these orders or certificates were executed and issued without any consideration whatever therefor. This answer, if true, and the demurrer concedes its truth, saps and destroys the cause of action stated in the second paragraph of complaint, and is a complete defence, not only to the orders or certificates in suit, but also to the alleged agreement or promise of the trustee to pay the same.

We are of opinion, therefore, that the court committed no error in overruling the demurrer to appellee's answer to the entire complaint. We find no error in the record.

The judgment is affirmed, with costs.