SPIEKER *v.* BOARD OF RAPID TRANSIT COMMISSIONERS
OF CITY OF CINCINNATI ET AL.

(Decided April 14, 1930.)

*Mr. John A. Scanlon,* for plaintiff in error.

*Mr. John D. Ellis,* city solicitor, *Mr. Milton H. Schmidt,* and *Mr. John J. O'Donnell,* for defendants in error.

Ross, J. The case was tried to a jury, the issues being made up by the amended petition of the plaintiff in error, Anna Spieker, and the answer of the city of Cincinnati.

The plaintiff alleges that ''the only defendant in the case is the city of Cincinnati;'' that she is the owner of a lot abutting upon the Central Parkway Boulevard in said city, the grade of which in conformity to ordinance had been lowered some two feet from a previously established grade; that on or about May 6, 1926, the city, through its agents the board of rapid transit commissioners, ''attempted'' to serve a notice of improvement, and that plaintiff in error filed, on May 15, 1926, her claim with the proper authority; and that on August 27, 1927, her claim was rejected.

Plaintiff alleges damages due to the necessity of changing the improvements upon the property to meet with the change of grade.

The answer of the city alleged that notice of the adoption of the resolution to improve was served upon the plaintiff in error according to law, and that no claim was filed by her in the time required by law. The answer was otherwise a general denial.

The plaintiff testified she had received by registered mail, on May 6, 1926, a notice of the resolution. The notice so received and introduced in evidence provided that claims for damages anticipated from the improvement might be filed within two weeks

from the receipt of the notice. Her claim was filed on May 17, 1926.

The city produced a process server, who identified a receipt of the plaintiff in error, admitting personal service of notice of the resolution on May 1, 1926, and identified his return upon such service. The receipt is as follows:

"May 1st, 1926.

"I hereby acknowledge receipt of notice of the passage and adoption by the Board of Rapid Transit Commissioners of the City of Cincinnati, Ohio, of the resolution declaring it necessary to construct and improve Central Parkway and approaches to Central Parkway.

"A. Spieker,

"3904 St. Lawrence Ave."

Admitted signatures of plaintiff in error on other receipts were introduced for comparison. The resolutions and ordinances incident to the improvement were also introduced in evidence.

The jury returned a verdict in favor of the "defendant Board of Rapid Transit Commissioners." Upon this verdict the court rendered judgment in favor of the "defendant, the city of Cincinnati."

It is urged that the judgment does not conform to the verdict, as required by Section 11599, General Code, and that the verdict was in favor of no party to the case, and not in favor of the city of Cincinnati, who was the only defendant. We think it clear and plain that the jury intended to return a verdict for the city of Cincinnati, the only defendant. It is admitted that the board of rapid transit commissioners no longer exists, although the amended petition alleges it was the agent of the city of Cincinnati.

In *Norman* v. *State,* 109 Ohio St., 213, 142 N. E., 234, the first proposition of the syllabus is as follows:

"Verdicts are to have a reasonable intendment and to have a reasonable construction and are not to be avoided unless from necessity originating in doubt of their import or irresponsiveness to the issues submitted, or unless they show a manifest tendency to work injustice. A verdict is sufficient in form if it decides the question in issue in such a way as to enable the court intelligently to base a judgment thereon."

Were we to hold the judgment erroneous, because of the irregularity mentioned, we feel we would not be giving the verdict of the jury "a reasonable intendment" or a "reasonable construction."

It is further urged that the defendant in error was estopped by the mailed notice, which stated that the plaintiff in error might file a claim within two weeks from its receipt.

No estoppel was pleaded. The amended petition merely states that the city "attempted" to serve a notice on the 6th of May, and that the claim was filed within two weeks thereafter.

The claim of the plaintiff in error is really that no notice was served upon her, and hence she is not barred. There was evidence warranting the jury in finding that a notice was served in accordance with law on May 1, 1926, and the claim of plaintiff in error was filed more than two weeks from this date.

Section 3823, General Code, provides as follows:

"An owner of a lot, or of land, bounding or abutting upon a proposed improvement, claiming that he will sustain damages by reason of the improve-

ment, within two weeks after the service of the notice or the completion of the publication thereof, shall file a claim in writing with the clerk of the council, setting forth the amount of the damages claimed, with a general description of the property with respect to which it is claimed the injury will accrue. An owner who fails to do so, shall be deemed to have waived such damages and shall be barred from filing a claim or receiving damages. This provision shall apply to all damages which will obviously result from the improvement, but shall not deprive the owner of his right to recover damages arising, without his fault, from the acts of the corporation, or its agents. If subsequent to the filing of such claim, the owner sells the property, or any part thereof, the assignee shall have the same right to damages which the owner would have had without the transfer.''

Section 3818, General Code, provides:

''A notice of the passage of such resolution shall be served by the clerk of council, or an assistant, upon the owner of each piece of property to be assessed, in the manner provided by law for the service of summons in civil actions. If any such owners or persons are not residents of the county, or if it appears by the return in any case of the notice, that such owner can not be found, the notice shall be published at least twice in a newspaper of general circulation within the corporation. Whether by service or publication, such notice shall be completed at least twenty days before the improvement is made or the assessment levied, and the return of the officer or person serving the notice, or a certified copy of the return shall be prima facie evidence of the service of the notice as herein required.''

While it has been held that Section 3823, General Code, does not create a limitation, and only establishes a rule of evidence, there can be no question that when a notice has been sent as provided for in Section 3818, General Code, the owner is "barred" from asserting any claim unless a claim for damages has been filed within the two weeks following the notice.

Even if estoppel were properly in the case the improvement of the street is a governmental function on the part of the city. *City of Cincinnati* v. *Cameron*, 33 Ohio St., 336, 367.

The sending out of the notice by mail is not authorized by law, and is wholly void in effect, either as a notice to the owner or as an estoppel against the city interposing the defense that the owner is "barred from filing a claim or receiving damages." Once the notice has been served in accordance with law, it is wholly beyond the power of the agents of the city to extend the statutory time, unless the initial ordinances and resolutions are annulled by subsequent legislation.

"On the other hand it is settled that the public, whether exercising its functions through a state or the federal government, or through a municipal corporation, county, town, township, or other governmental agency or instrumentality, cannot be estopped by unauthorized, illegal, or fraudulent acts, admissions, conduct, or statements on the part of their officers and agents, even though benefits to the public have accrued and been accepted; nor can there be an estoppel by such acts or conduct where the subject matter is ultra vires or the contract wholly illegal. The rule denying an estoppel

in such circumstances has been applied where the estoppel against the public is claimed in favor of a public officer or agent by reason of the acts or conduct of other public officers or agents. Because persons dealing with public officers and agents are bound by the constructive notice of the law and the public records as to the measure of their powers and functions, the public cannot, by the representations of the officers as to this matter, be estopped to deny their authority, even when acting within the apparent scope of their official functions; and this rule applies to all persons whatsoever who deal with or claim under the municipality either directly or remotely.'' 21 Corpus Juris, page 1191, Section 193.

To the same effect are 10 Ruling Case Law, ''Estoppel,'' page 707, Section 35 *et seq.; Philadelphia Mortgage & Trust Co.* v. *City of Omaha,* 63 Neb., 280, 88 N. W., 523, 93 Am. St. Rep., 442.

There are many cases where a municipal corporation has attempted to covenant, and its officers have attempted to obligate the corporation. When such acts are not authorized by law, these attempts are wholly void. *City of Cincinnati* v. *Cameron, supra; City of Wellston* v. *Morgan,* 65 Ohio St., 219, 228, 62 N. E., 127; *Frisbie Co.* v. *City of East Cleveland,* 98 Ohio St., 266, 277, 120 N. E., 309; *City of Lancaster* v. *Miller,* 58 Ohio St., 558, 51 N. E., 52.

If such attempts are void even where loss has occurred to those relying upon the unlawful agreements of the municipal officers, because ''it is incumbent upon persons dealing with public officers to ascertain whether their proposed action falls within the scope of their authority, and whether the requirements of law affecting a contract pro-

posed to be entered into have been complied with (*Frisbie Co.* v. *City of East Cleveland, supra,* 98 Ohio St., 266, syllabus 5, 120 N. E., 309), no liability can be created against the city, especially while performing a governmental function, for the unauthorized act of an agent in attempting to remove a bar erected by the statutes of the state.

In the instant case these rules are applied less harshly than in some of the cases noted, since it does not appear from the evidence that the plaintiff in error relied upon the language of the mailed notice and the added time therein given for filing claims.

What we have said answers other assignments of error, none of which we consider constitutes prejudicial error as against the plaintiff in error.

The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

Cushing, P. J., and Hamilton, J., concur.