BEN A. GOBLE, APPELLEE, V. NATHAN ZOLOT, APPELLANT: JOSEPH D. GOLDBERG, APPELLEE.

12 N. W. 2d 311

FILED DECEMBER 21, 1943. No. 31635.

*Rinaker, Hevelone & McCown*, for appellant.

*Dean R. Sackett, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, CHAPPELL and WENKE, JJ., and POLK and NUSS, District Judges.

NUSS, District Judge.

The sole question in this case is whether certain property is personal property and, as such, subject to distraint for taxes, or whether it is real estate and not subject to distraint.

It appears that some 20 years ago the John H. Von Steen Company, being the owner of certain real estate in Beatrice, constructed a building thereon for the purpose of conducting a wood-working shop and bought and put into the building in question the property involved in this case, to wit: 1 planer, 1 edger, 1 band saw, 1 Buffalo post drill, 1 Buffalo forge, 1 bench vise, 1 Peter Wright anvil, 1 power rip saw, 1 blade grinder, 1 knife grinder.

According to the findings of the trial court, who viewed the premises by agreement of the parties, the building was not specially designed for the equipment nor for a woodworking shop; that any building of suitable size would have served as well; that the machinery was not designed to operate together in the sense of an assembly line, but each piece thereof was designed separately and used for its particular purpose without regard to the other equipment; that each machine, except the post drill, had a separate motor and was therefore an independent unit, not requiring a line shaft for its operation. Each did, however, require wiring which in some instances was by cable or conduit beneath the earthen floor, or in others was attached to posts and rafters. None of the machines, except the post drill, were fixed or attached to the real estate.

They were simply bolted to planks or timbers which rested on the ground by the force of gravity alone.

Commencing with the year 1932, the John H. Von Steen Company defaulted in the payment of its personal taxes and continued to be delinquent to and including the year 1940, except for the year 1935. On August 22, 1941, a distress warrant was issued to the sheriff based on such delinquent taxes and on the 12th day of September, 1941, he levied upon the property in question. However, on September 10, 1941, the defendant Zolot bought the real estate in question from the Von Steen company or its trustees and claims thereby to have acquired the property in question as a part of said real estate.

The trial court decreed the property to be chattels and

not fixtures and the defendant appeals. We believe the trial court was right.

The manner of annexation, the adaptability of the property to the use and purpose for which the building was appropriated and the intention of the Von Steen company, all lead to the conclusion that the machines in question were chattels. There was no physical annexation, except as to the post drill, and that, doubtless, was merely bolted to a post or upright timber. The building was not designed for the property in question, nor were the machines designed for the building, but were merely placed therein and so used.

Although the evidence is quite inconclusive, it is fair to infer therefrom that the Von Steen company considered the property not real estate but personal property and listed the same for taxation, as such. This seems to be indicated by the fact that during the first four years of the tax delinquency the personal property return made by the company was over $1,000, and it was stipulated that at no time did the company have to exceed $1,000 worth of other personal property.

" * * * removable chattels annexed to the freehold may remain personalty where the intent that they shall do so is evident from the conduct or actions of the parties." 22 Am. Jur. 719, sec. 6, note 20; *Frost v. Schinkel,* 121 Neb. 784, 238 N. W. 659, 77 A. L. R. 1381.

The defendant seems to make some claim of estoppel by virtue of certain statements claimed to have been made to one Wier, a trustee for the Von Steen company, during the negotiations for the sale of the real estate from the company to the defendant in which the county board is claimed to have informed said Wier that it considered the property real estate and not personalty. Taxation and the collection of taxes are strictly governmental activities as distinguished from private and proprietary activities, and the public as to such activities cannot be estopped. *Philadelphia Mtg. & Trust Co. v. City of Omaha,* 63 Neb. 280, 88 N. W. 523, 93 Am. St. Rep. 442, 57 L. R. A. 150; 19 Am. Jur. 818, sec. 166; 26 R. C. L. 364, sec. 321; note, 87 A. L. R. 988. See, also,

*Volker v. McDonald,* 120 Neb. 508, 233 N. W. 890, 72 A. L. R. 1267.

The judgment of the district court was right.

AFFIRMED.