· JISKA v. RINGGOLD COUNTY ET AL.

1. **Taxes:** DELINQUENT: INNOCENT PURCHASER. Where the purchaser of real estate obtained a certificate from the treasurer that there were no delinquent taxes on the property, and the tax books did not show any tax to be due, but it was afterwards found there were delinquent taxes due thereon at the time, which had not been brought forward in the tax books, he would be an innocent purchaser, and would take such real estate free from all liens for taxes.

2. ——: ——: WHEN NOT A LIEN. In such case, if the delinquent taxes are brought forward in the tax books after the purchase, they will not be a lien upon the property as against the purchaser.

*Appeal from Ringgold District Court.*

TUESDAY, MARCH 21.

ACTION in equity to have declared void, as to the plaintiff, certain taxes, and have the same canceled of record as a lien on certain real estate. A demurrer to the petition was overruled, and the relief asked granted. The defendants appeal.

*Laughlin & Campbell*, for appellant.

*Askren Bros.*, for appellee.

SEEVERS, CH. J.—The amount in controversy being less than one hundred dollars, certain questions have been certified as to which it is said to be desirable to have the opinion of the Supreme Court. The only questions discussed by counsel are the following:

"1. Where a person purchases real estate, and at the time of purchasing the same the treasurer of the county where the real estate is situated gives the purchaser a certificate that there are no delinquent taxes on said real estate, and the purchaser causes the tax books to be examined, and no taxes are delinquent, as shown by the books, and afterwards it is found that, at the time of the treasurer giving the certificate, and of said purchase, there were delinquent taxes on the land purchased, but had not been carried forward on the tax book from year to year, can the treasurer afterwards carry the delinquent taxes forward, and enter them on the tax book against the said real estate, and collect the same by sale of the real estate?

"2. And in such cases are the delinquent taxes, after they have been brought forward, and entered on the tax book, a lien against the real estate on which they were assessed as against the purchaser?"

The plaintiff purchased the land in 1874, and the taxes in

controversy were levied in 1871, became delinquent in 1872, but were not brought forward on the tax books of any year subsequent to 1871, until after the plaintiff's purchase. Section 845 of the Code provides: the treasurer shall bring forward and enter on the tax books for each year the unpaid taxes for any preceding year, and that "any sale for the whole or any part of such delinquent tax not entered shall be invalid." Section 848 provides that the treasurer, on the request of any one interested, shall certify the amount of taxes due upon any parcel of real estate, and section 865 provides that "taxes upon real property shall be a perpetual lien thereon   *   *   *   against all persons except the United States and this State."

1. TAXES: delinquent: innocent: purchaser.

There should be some way by which a person desiring to purchase real estate can, with reasonable certainty, ascertain what liens are thereon, and the exact condition of the title. Real property is daily purchased because such, in fact, is the rule. If it be otherwise as to taxes, this constitutes an exception to the general rule. The statute should not be so construed unless the language employed, or justice and equity absolutely so require. It is a familiar rule of construction that all statutes bearing on the same subject should be considered for the purpose of arriving at the legislative meaning and intent. The statute requires the delinquent taxes to be brought forward and entered on the tax books of each year. Where this is done they become a perpetual lien against all persons. Section 845 precedes 865, and it should be presumed the latter provision was enacted in view of the former. In other words, before the force and effect contended for by the appellant can be given to section 865 it must appear that the provisions of section 845 have been complied with. This thought is strengthened by the provisions of section 848, requiring the treasurer to give the certificate therein contemplated, to the end that a purchaser may know the extent of the liens for unpaid taxes, and with safety pay the purchase-money.

The first question asked by the District Court is based on the fact that before purchasing the plaintiff obtained such a certificate, and also caused an examination of the tax books to be made. He could do no more, and must be held to be an innocent purchaser, entitled to protection as such. *Cummings v. Easton*, 46 Iowa, 183.

It will be observed a sale is invalid if made for delinquent taxes not brought forward. This must be on the theory the taxes, until thus brought forward, ceased to be liens. If this is not so there would be no reason for declaring the sale invalid. At the time the plaintiff purchased the real estate, the taxes in question were not liens thereon, and no subsequent act of the treasurer could have the effect of making them such to the plaintiff's prejudice.

2. ——: ——:
when not a
lien.

The result is, both questions must be answered in the negative.

AFFIRMED.