PHILADELPHIA MORTGAGE & TRUST COMPANY, APPELLANT, v. CITY OF OMAHA ET AL., APPELLEES.

FILED JUNE 4, 1902.   No. 10,735.

Commissioner's opinion, Department No. 2.

1. **Mortgages**: POSTPONEMENT OF PRIOR LIEN. It seems that where the agent of a prior lien-holder falsely, but without the knowledge of his principal, represents that the lien is satisfied, whereby another is induced to loan money upon mortgage on the property, the result is only to postpone such prior lien to the mortgage, not to extinguish it; and hence if the mortgagee acquires the property by foreclosure, paying less than the amount of the mortgage debt, his remedy on discovering that the prior lien remains unpaid is to foreclose as to such lien, setting up the facts by reason whereof it should be postponed, or to compel the holder thereof to redeem from the mortgage, and not to enjoin all assertion of the lien and cut it off entirely.

2. **Quieting Title**: VOID TAXES. In consequence of section 144, article 1, chapter 77, Compiled Statutes, an action to quiet title to real property and remove a cloud therefrom, directed against an apparent lien by way of tax or special assessment, is only maintainable in case such tax or assessment itself is absolutely void.

3. **Tax**: LEVY: UNAUTHORIZED PURPOSE: REMEDY. If the tax is not wholly void in itself, nor levied or assessed for an unauthorized

purpose, a person who claims for some other reason that he or his property should not be held to pay it is left to the remedy provided by said section 144, or to make his defense when the alleged tax lien is sought to be enforced.

4. **Equitable Estoppel.** Whether the doctrine of equitable estoppel may be applied to a municipal corporation acting in its governmental capacity, *quære*.

APPEAL from the district court for Douglas county. Heard below before FAWCETT, J. Rehearing of case reported in 63 Nebr., 280. *Judgment of affirmance adhered to.*

*Wharton & Baird,* for appellant.

*E. H. Scott,* contra.

POUND, C.

This is a rehearing. The facts are stated in the former opinion (*Philadelphia Mortgage & Trust Co. v. City of Omaha,* 63 Nebr., 280), but may be restated briefly as follows: One Bolln, city treasurer of the defendant municipality, obtained a loan of plaintiff secured by mortgage upon real property. At that time the taxes upon the property for certain years and certain instalments of special assessments thereon were marked "Paid" on the tax records of the city, as required by law when such taxes or assessments are collected. The plaintiff afterwards became owner of the property through foreclosure of its mortgage. In fact, the taxes had not been paid, and we may take it that the false entry upon the records was a fraud upon the city as well as upon the mortgagee. After plaintiff took its mortgage, the word "paid" was erased, and the taxes and assessments once more appeared as liens upon the property. Thereupon plaintiff brought this suit to quiet its title, remove the cloud thereon by reason of the taxes and assessments, and require said taxes and assessments to be noted as paid upon the records. The district court dismissed the suit, and its decree was affirmed at the former hearing.

We think the judgment of affirmance was right and should be adhered to. The taxes themselves are conceded to be regular and valid in every respect, and to be unpaid. But plaintiff asserts an estoppel by reason of the condition of the city's records when it made the loan and claims that the city should not be permitted to erase the entries and claim a lien afterwards to the prejudice of a mortgagee in good faith who took in reliance on such records. Plaintiff bought in the property under its decree of foreclosure for less than the amount found due on its lien. Hence we may treat it, with respect to other lienholders not parties to the foreclosure, as in the position of mortgagee rather than purchaser, since it paid nothing beyond the credit on the mortgage debt. Stated in general terms, plaintiff's case amounts to this: The agent of a prior lienholder falsely, but without the knowledge of his principal, represented that the lien was satisfied, whereby plaintiff was induced to loan money upon mortgage on the property. It would seem, under such circumstances, that the estoppel should extend only to postponing such prior lien to the plaintiff's mortgage lien. 2 Pomeroy, Equity Jurisprudence, secs. 731, 732. The requirements of justice would be met fully by permitting or requiring the holder of the tax lien to redeem. It is not necessary to wipe it out utterly in order to protect the mortgagee. Plaintiff might maintain a suit to foreclose against the tax lien, so long as it was not involved in the first suit, compelling its holder to redeem from the mortgage or confining its operation to any surplus that might remain after satisfaction thereof. *Shaw v. Heiscy,* 48 Ia., 468; *State Bank v. Abbott,* 20 Wis., 599; *Foster v. Johnson,* 44 Minn., 290; *Robinson v. Ryan,* 25 N. Y., 320. Instead, plaintiff seeks to cut the tax lien off entirely. We do not think such course just or equitable, and doubt whether a suit of this character would be maintainable under the circumstances, in view of the ordinary rule that he who seeks equity must do equity.

If this objection did not exist, however, there is another

and insuperable difficulty in section 144, article 1, chapter 77, Compiled Statutes. By whatever name called, any suit which has for its real end the enjoining of a tax or special assessment is within the purview of that section. Otherwise, the statute would be deprived continually of all force or efficacy by very trivial exercises of professional ingenuity. If a tax or assessment is absolutely void in itself, so as to be no tax, but a mere pretense under color whereof rights are affected and titles clouded, an action to quiet title and remove the cloud is maintainable. *Chicago, B. & Q. R. Co. v. Cass County,* 51 Nebr., 369; *Touzalin v. City of Omaha,* 25 Nebr., 817, 824. As was said in the latter case: "A void tax is no tax. How, then, can the statute debar the taxpayer from enjoining the unlawful sale of his property to pay such alleged taxes?"

But here the taxes themselves are valid, and they were not levied or assessed for an unauthorized purpose. Plaintiff's contention is that for other reasons it ought not to pay them, and they ought not to be held a lien on its land. Such claims come fairly within the scope and purpose of section 144, and afford no ground for injunction or proceedings in equity tantamount thereto. If the tax is not wholly void in itself, nor levied or assessed for an unauthorized purpose, one who claims for some other reason that he or his property should not be held to pay it, is left to the remedy provided by said section 144, or to make his defense when the alleged tax lien is sought to be enforced. *Chicago, B. & Q. R. Co. v. Cass County, supra; Bellevue Improvement Co. v. Village of Bellevue,* 39 Nebr., 876, 885; *Spargur v. Romine,* 38 Nebr., 736.

Hence we do not think it necessary to decide whether or how far the doctrine of equitable estoppel may be applied to a municipal corporation acting in its governmental capacity, nor whether the acts here in controversy are to be put in that category. The former opinion states the arguments, and cites the cases in support thereof, whereby it is contended that the doctrine does not apply. On the other hand, it might be argued that though courts can not

judge between sovereign and subjects as of course, when the sovereign comes into court or permits itself to be sued, courts must apply the ordinary principles of law and justice as in other cases. It might be urged that equitable estoppel, rightly understood and administered, is as essential to just determination of causes as a defense of payment or denial of a plaintiff's claim. It might be urged that it is of the essence of justice to have a universal standard, and that there should not be one standard for the state and one for the citizen. The authorities directly in point on either side are few, and the question must be determined by principle and analogy. It is too important to be settled by mere *dictum*, and ought to be left open. Conceding all that the plaintiff asserts as to the force and scope of its claim of estoppel, the action by which it seeks to avail itself thereof is not maintainable. We recommend that the former judgment be adhered to.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former judgment of this court is adhered to and the judgment of the district court is

AFFIRMED.

HOLCOMB, J.

I concur in the conclusion reached.