———— WEISSMAN, Plaintiff, *v.* ———— NAITOVE, Defendant.

Supreme Court, Kings County, February 17, 1925.

**Bills and notes — action to restrain negotiation of usurious promissory notes and to have them canceled — equity has jurisdiction since notes, if transferred to bank in good faith, would be free from defense of usury under Banking Law, § 114.**

The plaintiff is entitled to an injunction *pendente lite* in an action to restrain the defendant from negotiating certain alleged usurious notes and to have the notes surrendered and canceled, since it appears that, if the notes were transferred to a bank in good faith, the defense of usury would be lost by virtue of section 114 of the Banking Law.

MOTION by plaintiff for an order enjoining the defendant from negotiating the promissory notes described in the complaint, and, pending the action, granting a receiver of the notes. In the action plaintiff demands judgment, declaring the said promissory notes

Supreme Court, February, 1925.          [Vol. 125.

to be void, enjoining prosecution of them, and ordering them to be surrendered and canceled.

*Rabenold & Scribner*, for the plaintiff.

*Max D. Steuer*, for the defendant.

HAGARTY, J.:

The action is in equity between the immediate parties to two negotiable notes, payable February 9 and February 25, 1925, respectively. The plaintiff's claim is that they are void because in the hands of innocent holders for value, because that which the statute has declared void cannot be made valid by passing through the channels of trade. (*Sabine* v. *Paine*, 223 N. Y. 401.) The single exception to this rule is made by section 114 of the Banking Law of this State (as amd. by Laws of 1922, chap. 623) and the Federal statutes applicable to National banks that a bank which purchases in good faith before maturity a note which was usurious in its inception takes it free of the defense of usury. (*Schlesinger* v. *Gilhooly*, 189 N. Y. 1; *Schlesinger* v. *Lehmaier*, 191 id. 69; *Weaver Hardware Co.* v. *Solomovitz*, 235 id. 321, 330.) Plaintiff asks for temporary relief, apprehending that the defendant may negotiate the notes to a bank which may take in good faith before maturity. Defendant disputes the jurisdiction of this court and contends that the plaintiff, in actions to be brought upon the notes, has adequate relief at law in that he may there set up the defense of usury. It is further contended that the equitable remedy of compelling the surrender and cancellation of the instruments is to be invoked only in an action at law after the conclusion by the court that the notes are tainted with usury. With this argument I do not agree, because this motion is governed by the rule that equity takes jurisdiction to enjoin the transfer of unmatured negotiable instruments to the end that the defense of the maker may not be lost to him. (*Wickwire* v. *Warner*, 191 App. Div. 835; affd., 233 N. Y. 572; *Delafield* v. *State of Illinois*, 2 Hill, 159, 177; *Louisville, etc., R. Co.* v. *Louisville Trust Co.*, 174 U. S. 552, 567.) The cases cited by the defendant are not applicable because they have to do with actions brought to restrain the prosecution of proceedings after the usurious notes had matured. Motion granted, with ten dollars costs.