MARGARET OLIVER, Respondent, v. JOHN A. SEVERINO and Others, Defendants, Impleaded with TERESA SEVERINO, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

CIRO PAOLILLO, Appellant, v. THE ATLANTIC MACARONI Co., INC., Respondent. — Order dismissing complaint and directing judgment for defendant against plaintiff reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, on authority of *Weissman* v. *Naitove* (125 Misc. 647). Defendant may serve an answer within ten days from date of the entry of the order herein. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SALVATORE BORO, Appellant.— Judgment of conviction of the County Court of Kings county reversed on the law and a new trial ordered. The trial court assumed an erroneous attitude, involving prejudicial remarks destructive of the defense and amounting to the deprivation of the fair trial to which the defendant was entitled; furthermore, the case was not impartially submitted to the jury. Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ., concur.

DANIEL H. RIDER, Respondent, v. STANDARD SAFETY RAZOR CORPORATION, Appellant.— Judgment reversed on the law and the facts, with costs, and complaint dismissed, with costs, on the ground that the contract was a hiring at will. (*Martin* v. *Insurance Co.*, 148 N. Y. 117; *Watson* v. *Gugino*, 204 id. 535; *Granger* v. *American Brewing Co.*, 25 Misc. 701.) Findings of fact and conclusions of law to the contrary are reversed and new findings accordingly will be made upon the settlement of the order on notice. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

IDA J. RUBINSTEIN, Appellant, v. LEECHEST HOLDING CORPORATION and Others, Defendants, and BANKERS LOAN AND INVESTMENT COMPANY, Respondent.— Judgment modified by striking out the provision that plaintiff shall pay to defendant Bankers Loan and Investment Company, or its attorney, the sum of $1,579.35, and the provision which directs that in case the plaintiff or her agent or assignee shall elect to become the purchaser of the premises, she shall pay said sum of $1,579.35 to defendant bank or its attorney, or so much thereof as the purchase price will pay of the same. The judgment is further modified so as to provide that the counterclaim of said defendant be dismissed, without costs. As so modified, the judgment, in so far as appealed from, is unanimously affirmed, without costs. The findings of fact supported by the evidence disclose that the plaintiff changed her position in reliance upon the record of tax payments, which payments were made without the knowledge of the plaintiff by the Bankers Loan and Investment Company by mistake and under circumstances showing negligence. But for these payments thus recorded, the plaintiff would have been in a position to act earlier in the enforcement of her rights under her mortgage. (*Weil* v. *City of New York*, 179 App. Div. 80, 85; affd. on opinion below, 223 N. Y. 599.) Conclusion of law numbered " first," in so far as inconsistent herewith, is reversed and a new conclusion dismissing the counterclaim is added. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ. Settle order on notice.