## DEUTSCH v. CITY OF SAN ANGELO.
### No. 7971.

Court of Civil Appeals of Texas. Austin.
May 23, 1934.

Rehearing Denied June 13, 1934.

Dilworth & Marshall, of San Antonio, Collins, Jackson & Snodgrass, of San Angelo, H. A. Cline, of Wharton, Deutsch, Kerrigan & Burke, of New Orleans, La., and Moursund, Johnson, Rogers & Slatton, of San Antonio, for appellant.

R. G. Hughes, City Atty., of San Angelo, for appellee.

BAUGH, Justice.

Appeal is from an order of the district court sustaining appellee's general demurrer to appellant's petition. Suit was by appellant against the city of San Angelo to cancel an asserted tax lien claimed by the city on real estate owned by appellant situated in said city, as constituting a cloud upon his title, for unpaid city taxes thereon for the years 1928, 1929, 1930, and to perpetually enjoin the city from asserting such lien in the future. The material facts alleged were:

That appellant had made a loan to the Southern Improvement & Securities corporation of $39,000, on May 14, 1931, evidenced by its note of that date, secured by a deed of trust on the property involved; that in making said loan he examined and relied upon the tax rolls of said city, which showed that all taxes on said property for the years 1928, 1929, and 1930 had been paid; that the maker of said note and deed of trust defaulted in the payment thereof, suit was filed and judgment rendered in the federal court thereon for the sum of $41,197.69, said lien foreclosed, and said property bought in by appellant for the sum of $25,000, leaving a balance due on said debt, after payment of costs, of $16,727.69; that the value of said property was wholly inadequate to secure said debt; that the maker of said note is insolvent; and that appellant cannot protect himself against loss by recovery against any former owner or owners of the land in the event he is compelled to pay such taxes. He also alleged that, when he made said loan, the tax rolls according to the entries made thereon by the duly selected and qualified assessor and collector of taxes for said city showed that taxes for said years aggregating $9,460.58 had been paid, and receipt therefor had been issued to R. Hal Compton, Jr.; that subsequent to the time appellant made said loan, relying in good faith upon said tax rolls, the city of San Angelo caused said rolls to be changed so as to show the taxes for 1928, 1929, and 1930 on said property delinquent, and is now asserting a lien on the property therefor, and threatening to foreclose same. Appellant further alleged that, though unknown to him at the time he made the loan, and not discovered by him until long afterwards, he subsequently learned that the tax collector had made the entry upon the tax rolls showing payment of said taxes upon delivery to her of a draft for

the amount of same, drawn by the owner upon a corporation at Houston, Tex., which draft was subsequently dishonored; and that, after notice of such dishonor was received by the tax collector, she altered the tax rolls so as to show that said tax receipts were canceled, and that the city was asserting its claim for taxes and a lien upon said property to secure same.

Other allegations were made which we deem immaterial, because the controlling question of this appeal is presented by the above; that is, whether the city is estopped to assert a lien for unpaid taxes, to the injury of an innocent mortgagee who lends money on such property as security, on the faith of, and in reliance upon, its assessment rolls showing that such taxes have been paid.

■ We have reached the conclusion that it is. The case has been ably briefed by both parties. The general rules as to estoppel against the state, county, or municipality are fairly well settled; but they are not without exceptions. The general rule seems to be that a city is not estopped by the unauthorized or negligent acts of its agents and officers in the performance of governmental functions as contradistinguished from industrial or proprietary functions. 21 C. J. 1190; 10 R. C. L. 707; 30 Tex. Jur. 113. It cannot be gainsaid that the levy and collection of taxes is a governmental function, and it is the contention of appellee, and apparently the view taken by the trial court, that the act of the collector in the instant case in causing her records to show that the taxes had been paid upon delivery to her of a draft was illegal and unauthorized, and not binding upon the city in any event; that is, that it was not lawful for her to accept anything except money in payment of taxes, and that any other method of payment was illegal, citing, among others, Austin v. Fox (Tex. Com. App.) 1 S.W.(2d) 601; Scisson v. State, 121 Tex. Cr. R. 71, 51 S.W.(2d) 703, and cases therein cited. This fact, however, is not, we think, determinative of the issue here presented. This controversy goes rather to the question of whether a purchaser, or mortgagee of property, in investing his money, can rely upon the public records of the city as kept by the officer of the city charged with that duty.

■ While the general rule is that a municipality cannot be estopped by the unauthorized, illegal, or erroneous act of its officers in the performance of a strictly governmental function, that rule is not without exception in Texas. This is expressly stated by the Commission of Appeals in an opinion where-

in the holding was approved by the Supreme Court in Cawthorn v. City of Houston, 231 S. W. 701, 705. After discussing the case of Krause v. City of El Paso, 101 Tex. 216, 106 S. W. 121, 14 L. R. A. (N. S.) 582, 130 Am. St. Rep. 831, the following language is used: "It will be seen from the above opinion that in Texas the doctrine of estoppel not only applies generally where the city is acting in its proprietary capacity, but also by reason of the negligence or unauthorized acts of its officers, where the equities of the situation demand it."

We consider first the cases directly in point on the exact issue here presented relied upon by appellee to sustain the trial court's judgment. The first of these, Philadelphia Mtg. & Trust Co. v. City of Omaha, 63 Neb. 280, 88 N. W. 523, 93 Am. St. Rep. 442, is identical with the facts in this case, except that the entry on the tax records in that case appears to have been fraudulently made by the collector, for whose benefit the loan was made, and, after the loan was closed, the records were changed by him to show the taxes delinquent. In the original opinion in that case the Supreme Court of Nebraska held that the city was not estopped to assert its tax lien under the general rule, approved by the court in that state, that estoppel in pais would not apply in the exercise by the city of a strictly governmental function. But upon motion for rehearing (65 Neb. 93, 90 N. W. 1005, 57 L. R. A. 150) the court based its judgment on the ground that plaintiff did not show himself entitled to an injunction against the enforcement of such lien because of an express statute of that state, and apparently receded from its original view and chose to leave the exact question open to future determination when found necessary.

The other case cited by appellee as directly applicable is Farrow v. City of Charleston, 169 S. C. 373, 168 S. E. 852, 87 A. L. R. 981. In that case a paving lien was involved. The attorney examining the title to the property involved inquired orally of the tax collector if there were any unpaid liens of record against the property, and was orally informed that there were not. Subsequently a paving lien was asserted by the city. The purchaser paid the paving assessment under protest, and, upon refusal of the vendor to reimburse him, sued the city to recover the amount paid. There is no showing whether the purchaser could have recovered such paving assessment from his vendor under her warranty of title. The ability of the purchaser to recover from his vendor, under such circumstances, the un-

paid taxes undisputably owed by the vendor and not paid by her, even though the assessment rolls failed to show such unpaid tax, would, we think, be a material factor on the right of such purchaser to assert an equitable estoppel against the city. If a purchaser, who pays such tax to protect his property, can be indemnified by his vendor, who owed the tax and had not paid it, he suffers no loss, and of course lacks equitable grounds for relief against the city. There is a distinction, we think, between a mere oral answer to an oral inquiry as to the existence of such taxes and tax lien, even if it be conceded that the assessment record failed to show same outstanding, and an affirmative showing by the assessment record that the taxes were due, but have been paid. Such distinction is drawn in the annotations under the above-cited case in 87 A. L. R. 988. Regardless of that, however, the court in the Farrow Case grounded its decision on the general rule as announced in 21 C. J. 1191, that in the exercise of a governmental function the city could not be estopped in any event; and that, as between the public and a private individual, regardless of the merit of his claim, if either must suffer loss, the individual must yield to the rights of the public.

The only other case we find directly in point on appellee's contention is that of Kuhl v. Jersey City, 23 N. J. Eq. 84, wherein a check, subsequently dishonored, was given for taxes at the time the purchaser accepted a deed to the property with the knowledge at the time of the purchaser; and the court based its opinion in part, at least, on the ground that under the circumstances there was no intention by such act to influence the purchaser to accept title to said property; and to hold that the city is estopped in such case would, "of necessity, put an end to the convenient practice everywhere adopted, of paying taxes by checks. * * *"

■ But, as clearly indicated by the language of Judge Powell in Cawthorn v. City of Houston, supra, the general rule above announced is not considered by the courts of this state as absolute and without exception. The courts of New York early laid down the rule on the identical question here presented that as against an innocent purchaser for value without notice, and in reliance upon the tax records of the city showing that the taxes have been paid, when they have not, the city is estopped to assert and collect unpaid taxes. Curnen v. City of New York, 79 N. Y. 511. This holding has been consistently adhered to by the courts of that state. Rubinstein v.

Leechest Holding Corp., 237 App. Div. 853, 261 N. Y. S. 917, and cases there cited. And the same rule is applied to mortgagees as to purchasers. Weil v. City of New York, 179 App. Div. 80, 166 N. Y. S. 221, affirmed in 223 N. Y. 599, 119 N. E. 1085. The Supreme Court of Pennsylvania has unequivocally laid down and adhered to the same rule of estoppel against the city under such circumstances. City of Philadelphia v. Anderson, 142 Pa. 357, 21 A. 976, 12 L. R. A. 751; Erie City v. Piece of Land, 308 Pa. 454, 162 A. 445. To the same effect is the holding of the Supreme Court of Iowa. Jiska v. Ringgold County, 57 Iowa, 630, 11 N. W. 618. This rule of estoppel has been held to apply to a county in Seward v. Fisken by the Supreme Court of Washington, 122 Wash. 225, 210 P. 378, 27 A. L. R. 1208, and annotations at page 1213.

While the tax receipt in the instant case was not delivered to appellant nor submitted to him, we think the result is the same. The tax rolls, which he examined and on which he had the right to rely, showed payment of said taxes. In addition to the foregoing well-considered cases, we think the Texas case of State v. Davisson (Tex. Civ. App.) 280 S. W. 292 (writ of error ref.) is directly in point and applicable here. In that case Davisson purchased the land from the banking commissioner, under an order of the district court approving the sale. The county tax collector had issued a receipt showing that all taxes up to the year 1922 on the property had been paid. In reliance thereon Davisson purchased the property. This receipt, however, was erroneous and issued through mistake, because the delinquent tax record itself showed the taxes for 1921 had not been paid. The state sued for the taxes, and Davisson pleaded payment based upon the facts recited. The controlling issue discussed by the court in that case was the issue of estoppel. While the court reversed the case on the ground that Davisson failed to show that he would suffer any loss, because the trial court excluded evidence tending to show that Davisson had been indemnified against any loss should he be compelled to pay such taxes, the controlling issue considered was that of estoppel under the facts pleaded. And the court necessarily affirmatively held that estoppel would apply against the state under the facts pleaded where the injured party established facts otherwise sustaining estoppel.

■ And we think such rule, where equitable grounds sustain it, is sustained by sound reason. It is a matter of common knowledge that purchasers of land universally do, and

**128**

of necessity must, rely upon the official tax records of the state, county, and city to ascertain whether such taxes are delinquent. The tax rolls are recognized as official records of such facts. Article 7257, R. S. 1925, relating to county tax collectors, in addition to prescribing the requirements for a tax receipt, requires entries, such as that made by the city collector on its tax rolls in the instant case, to be made by the tax collector showing payment of such taxes, and make such entries on the tax rolls "notice to all the world of the payment of such tax, and such entries may be used in evidence on issues involving the payment of same." And by Acts 1929, 41 Leg. 2d Called Sess. p. 153, c. 77 (Vernon's Ann. Civ. St. art. 7258a), the receipt provided for in said article 7257, in counties of more than 210,000 population, unless procured through fraud or collusion, is made conclusive proof of the payment of such taxes. And the emergency clause of that act states that it was passed for the benefit of the owners of property. The state, county, or city can adequately protect itself against the wrongful acts of its officers which result in losses to it from the unauthorized acts of such officers; but, where the law requires records to be kept, specifies what such records must show, and says to the public you may rely on these records as showing what taxes are due, and a citizen does rely upon them in good faith to his injury, it does not comport with the principles of equity nor good conscience for the municipality to then say that though we, through our duly selected officer, acting though improperly within the scope of his authority, misled and injured you by such record, you must suffer the loss, and not the city. In such case we think the public interest is better served by protecting the rights of the citizen than by giving preference to the claim of the city. The city, as stated, can protect itself against wrongful acts of its officers resulting in loss to it. But if the citizen, in cases such as here presented, must lose, he is without remedy. And, if the tax records cannot be relied upon by the citizen in the matter of taxes on the property he desires to purchase, obviously an insurmountable obstacle is raised against the sale and exchange of real estate; and the results of such a rule would be of graver consequence to the public than any occasional loss the public might suffer from the unauthorized or mistaken acts of its officers in such cases.

Appellant also attacked the validity of the tax claimed by the city on the ground that the property was placed on the unrendered roll for the years 1928, 1929, and 1930, and the name of the owner thereof not shown; and that no assessment ordinances were passed by the city of San Angelo levying assessments for taxes during said years. We do not understand appellant to seriously insist upon these contentions in this court, and pretermit a discussion of them. Clearly they are, we think, without merit, under the provisions of the city charter and of articles 7171, 7172, and 7320, R. S. 1925, and we deem a further discussion of them here unnecessary.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded for trial.

Reversed and remanded.