EAST LINCOLN LODGE NO. 210, ANCIENT FREE AND AC-
CEPTED MASONS, APPELLANT, V. CITY OF LINCOLN ET AL.,
APPELLEES.

FILED JULY 1, 1936. No. 29852.

*Edward C. Fisher* and *Ralph W. Ford,* for appellant.

*Loren H. Laughlin* and *H. B. Porterfield, contra.*

Heard before GOSS, C. J., GOOD, DAY, PAINE and CARTER,
JJ., and BLACKLEDGE and LANDIS, District Judges.

GOOD, J.

This is an action to enjoin the collection of alleged void
taxes assessed against plaintiff's realty. To the petition a
general demurrer was interposed and sustained by the trial
court. Plaintiff refused to further plead, and judgment of
dismissal followed. Plaintiff has appealed.

In the petition it is alleged that the city of Lincoln,
for each of the years from 1930 to 1935, levied and assessed
taxes against the real property of the plaintiff; that dur-
ing all of said time said property was used exclusively for
religious, educational and charitable purposes and was not
owned or used for financial gain' or profit to either the

owner or user, and was, therefore, exempt from taxation. The principal question raised by the demurrer is whether the facts alleged are sufficient to warrant the granting of injunctive relief.

Pursuant to the provisions of section 2, art. VIII of the Constitution, the legislature enacted section 77-202, Comp. St. 1929, which reads: "The following property shall be exempt from taxes: * * * property owned and used exclusively for educational, religious, charitable or cemetery purposes, when such property is not owned or used for financial gain or profit to either the owner or user."

The taxes in question were levied by the officials of the city of Lincoln, pursuant to the provisions of the city's home rule charter. Section 4, art. IX of that charter, reads: "The city council shall constitute the board of equalization for the city, and shall have power as such board to equalize all taxes and assessments, and to correct any errors in the listing or valuation of property, and to supply any omissions in the same." Comp. St. 1929, sec. 15-805. Section 5, art. IX of such charter, provides: "The city council sitting as a board of equalization shall hold a session of not less than three nor more than thirty days annually commencing on the first Tuesday after the third Monday in June, and shall have power: First. To assess all property real and personal not assessed and which is not exempt." Comp. St. 1929, sec. 15-806.

From the petition it appears that the property in question was, in fact, exempt from taxation, pursuant to the provisions of the statute above quoted. The truth of the allegations of the petition are admitted by the demurrer. For the purpose of this proceeding, we must assume that the property was not subject to taxation. Also, by the quoted charter provision, the city council has power, as a board of equalization, to assess only property that is not exempt from taxation.

Defendants contend that injunction is not the proper remedy; that plaintiff should have appeared before the board of equalization and claimed exemption from taxation,

and, if aggrieved by the action of the board, should have appealed to the district court. Where a property owner claims that his real estate is exempt from taxation and makes appearance before the board of equalization and raises such question, it is then incumbent upon him to follow up that proceeding by an appeal to the district court, if he is aggrieved by the action of the board. Defendants contend, however, that it was the duty of plaintiff to appear and make such claim before the board of equalization. For aught that appears, the plaintiff had no knowledge that the city had levied a tax against its property. It is a rule that, when property is not subject to taxation, the owner may assume that the law will be observed, and he is not required to make protest to the taxing board or follow any statutory procedure to obtain relief. *Sioux. City Bridge Co. v. Dakota County,* 61 Neb. 75, 84 N. W. 607.

Defendants further contend that plaintiff had an adequate remedy at law by paying the tax and then filing claim for a refund. We think the rule is not applicable where the tax is absolutely void. Defendants cite and rely upon *Watson v. Cowles,* 61 Neb. 216, 85 N. W. 35. In that case plaintiff brought an action to vacate a tax sale and to quiet his title against taxes levied for several years against his property, on the ground that it was exempt. The opinion held that the evidence showed it was exempt for one year but not entirely exempt for other years, and granted relief for the one year in which it was exempt.

Defendants also cite *Mt. Moriah Lodge, A. F. & A. M., v. Otoe County,* 101 Neb. 274, 162 N. W. 639, and *North Platte Lodge, B. P. O. E., v. Board of Equalization,* 125 Neb. 841, 252 N. W. 313. In each of those cases there was an appeal from the board of equalization, and the question there presented was whether or not the property was, in fact, used exclusively for educational or charitable purposes. Under such circumstances, where the question was one of fact, it was the duty of the property owner to make a showing of facts which would exempt his property. In the instant case, the petition alleges all the facts required

to show that the property is exempt, and these facts are admitted by the demurrer. There is no disputed question of fact in the instant case. This case, rather, falls within the rule announced in *Plattsmouth Lodge, A. F. & A. M., v. Cass County,* 79 Neb. 463, 113 N. W. 167, wherein the facts were stipulated that the property fell within the exempt class. However, that was an appeal from the board of equalization and is not in point.

Defendants also cite *Philadelphia Mortgage & Trust Co. v. City of Omaha,* 63 Neb. 280, 88 N. W. 523, as holding that there is an adequate remedy at law. That was an action to have title to certain real estate quieted in the plaintiff and freed from a certain tax lien. There a tax had been legally levied, and the property was not exempt. By a fraudulent act the treasurer had marked the taxes paid on the tax records, when, in fact, they had not been paid. It was held in the opinion: "An injunction will not be granted to restrain the collection of taxes, unless the assessment is void or levied for an illegal, or unauthorized purpose." There the tax was levied for a legal and authorized purpose and had never been paid. The plaintiff in that case had loaned money upon a mortgage on real estate in the unfounded belief that the tax had been paid. The case is not in point.

Whether an injunction will lie depends on whether a tax is absolutely void, or whether it is merely illegal because of some irregularity. In *Burlington & M. R. R. Co. v. York County,* 7 Neb. 487, plaintiff sued to enjoin the collection of alleged void taxes. The court found part of the taxes void and enjoined that part. In the opinion it was held: "The power to levy a tax must be clearly and distinctly given by law, and if the limits fixed by the statute are transcended by levying a sum in excess of that authorized by law, such excess may affect titles acquired by a sale of the property for such illegal tax. But this will not excuse a party praying for an injunction from tendering the amount of taxes justly due from him." In the opinion it was said, quoting from Cooley on Taxation (p. 491): "'It is a familiar rule

that, in the execution of the power to tax, the municipalities must confine themselves closely within the power conferred,' and 'that the provisions of the statute must be strictly pursued.' * * * The proposition will not be controverted, that it is absolutely essential to valid taxation that the taxing officers must be able to show legislative authority for every levy of taxes."

In *Touzalin v. City of Omaha,* 25 Neb. 817, 41 N. W. 796, plaintiff sued to enjoin collection of alleged void taxes. It was alleged that the city had levied a tax for special benefits against certain real property owned by plaintiff, and that the property was not within the taxing district. A demurrer to the petition was interposed and sustained. This court reversed the judgment. In the opinion it was said (p. 824) : "If, however, the tax is void, in other words, is levied without authority of law, the forms of law nevertheless being used to cast a cloud upon the title to the party's real estate, and thereby diminish its value, the power of the legislature to close the doors of the courts to aid the taxpayer is very doubtful. A void tax is no tax. How then can the statute debar the taxpayer from enjoining the unlawful sale of his property to pay such alleged taxes? The law might as well authorize the seizure of the property of A by force and violence, and without authority, to pay the debts of a municipality, as to seize and sell such property under a void assessment. In either case the taxpayer may invoke the aid of the courts to protect him from wrong and oppression. The rule is, that where public officers are proceeding illegally under claim of right they may be enjoined."

In *Hemple v. City of Hastings,* 79 Neb. 723, 113 N. W. 187, the city of Hastings attempted to levy a tax upon property that had been subdivided and was adjacent to the city limits, but which had never been actually incorporated into the city. The court held: "The levy of city taxes upon property outside its boundaries is without authority, and such taxes are illegal and void as to such property, and their collection may be restrained by injunction."

*State v. Several Parcels of Land,* 78 Neb. 703, 111 N. W. 601, was similar to the last above cited case. There the city of Plattsmouth levied a tax upon property that was not within the corporate limits. The opinion held: "Such tax is one levied for an 'unauthorized purpose,' within the meaning of section 15 of the scavenger act * * * and may be adjudged void in a proceeding brought under the act." In the opinion it was said (p. 706) : "If the taxes were levied in the belief that the property was subject to city taxation, they were based upon mistake; if they were levied by the city authorities with knowledge that the property was outside the city limits, and not subject to city taxation, they were based on fraud." Another similar case is *Thatcher v. Adams County,* 19 Neb. 485, 27 N. W. 729, where a school district levied a tax to pay the indebtedness of the original district which had been subdivided. The school district attempted to levy taxes upon realty that was not within the original district, to pay a bonded indebtedness. It was held: "Such taxes, if levied, would be for an 'unauthorized purpose,' within the meaning of section 144 of chapter 77 of the Compiled Statutes, 1885, and their collection might be restrained, or the creation of an apparent lien therefor prevented, by an injunction."

It is true that section 77-2115, Comp. St. 1929, among other things, provides: "No state, county or city general tax shall be declared void, in whole or in part, except upon a showing that the property in controversy was exempt from taxation, or that the levy was for an illegal or unauthorized purpose." In the instant case the petition discloses that the taxes were levied upon property that was exempt and that such taxes were levied for an unauthorized purpose.

In *Philadelphia Mortgage & Trust Co. v. City of Omaha,* 65 Neb. 93, 90 N. W. 1005, it was said (p. 96) : "If a tax or assessment is absolutely void in itself, so as to be no tax, but a mere pretense under color whereof rights are affected and titles clouded, an action to quiet title and remove the cloud is maintainable."

If the facts alleged in the petition are true—and for the purposes of this proceeding we must accept them as true—plaintiff's property was absolutely exempt from taxation for the years in which the taxes were levied. Any tax levied against exempt property is one levied for an unauthorized purpose. Moreover, the city council was without power to levy a tax upon exempt property. It could no more do so than it could levy a tax on property without the corporate limits of the city. The petition states facts sufficient to warrant the granting of injunctive relief. The trial court erred in sustaining the demurrer.

The judgment of the district court is reversed, and the cause remanded for further proceedings consistent with this opinion.

REVERSED.