LOVETT *v.* CITY OF DETROIT.

1. TAXATION—MISINFORMATION BY COLLECTOR—ESTOPPEL.

   The collection of duly levied taxes for governmental purposes is a governmental function and the collection officer cannot, by mistake or misinformation, work an estoppel, enforceable in a court of equity, as the fact, and not the misinformation, controls.

2. SAME—POWER TO TAX AN ATTRIBUTE OF SOVEREIGNTY.

   The power of taxation is an essential and inherent attribute of sovereignty belonging as a matter of right to every independent government.

3. MUNICIPAL CORPORATIONS—LIABILITY FOR NEGLIGENCE OF OFFICIALS PERFORMING GOVERNMENTAL FUNCTIONS.

   Cities are not liable for the unauthorized or negligent acts of their officials in the performance of the city's governmental functions.

4. TAXATION—MUNICIPAL CORPORATIONS—TREASURER'S MISTAKE—ESTOPPEL.

   City whose treasurer erroneously informed landlord that taxes for a certain year were paid and thereby caused him not to sue tenant owing same therefor, could not thereby be estopped from collecting such tax as treasurer was serving in a governmental capacity and, because of lack of authority, could not by any representation make unenforceable a duly levied tax in his official hands for collection.

Appeal from Wayne; Miller (Guy A.), J. Submitted April 15, 1938. (Docket No. 84, Calendar No. 39,270.) Decided October 5, 1938.

Bill by Louie C. Lovett and others against City of Detroit and its treasurer to restrain the collection

of a yearly tax and for other relief. From decree rendered, plaintiffs appeal. Affirmed.

*James G. McHenry,* for plaintiffs.

*Raymond J. Kelly,* Corporation Counsel, and *John H. Witherspoon,* Assistant Corporation Counsel, for defendants.

WIEST, C. J. Plaintiffs owned property on the southerly side of Michigan avenue, between Shelby and Wayne streets in the city of Detroit. In June, 1925, they leased the property to the Mutual Theatre Company for six years. Under the terms of the lease the lessee was to pay all taxes, ordinary and extraordinary. The lessee made default and, in February, 1928, plaintiffs brought summary proceedings to recover possession. Thereupon one Nederlander, treasurer and fiscal agent of the theatre company, entered into an agreement guaranteeing performance of the covenants of the lease. Nederlander did not perform his agreement and, in March, 1929, plaintiffs brought suit against the theatre company and Nederlander to recover rental and unpaid taxes.

In preparation for trial of that suit and to ascertain the amount of unpaid taxes, the attorney for plaintiffs, in order to make payment thereof, if any due, and have recovery against the defendants in that suit, applied to the treasurer of the city of Detroit for a statement of the taxes and assessments then due and was informed there were none unpaid, although at that time there was due and unpaid the general city taxes for 1926.

It is claimed that for some time the records in the office of the city treasurer showed that the tax on this property for 1926 had been paid. No claim is

made that such tax had in fact been paid, but plaintiffs claim that, being informed that the tax had been paid, the amount thereof was not claimed in their suit on the lease against the guarantor mentioned and they were, therefore, damnified to the amount of about $15,000.

The bill herein was filed to restrain the city treasurer from selling for the tax of 1926, and have decree that plaintiffs be relieved from paying the tax for that year.

The court decreed the tax for 1926 unpaid and a lien upon the property but granted plaintiffs the right to pay the same, with interest and penalty thereon computed as of May, 1928, that being the date the attorney applied for a statement of unpaid taxes and, upon such payment, to have the records show the tax paid.

Plaintiffs appeal and contend that the city is estopped from exacting payment of the tax for the year 1926, that the offer of plaintiffs to pay was equivalent to payment and that the tax sale was void because not reported to the council and confirmed.

The last point, relative to confirmation of the tax sale, need not be considered.

The pivotal question is:

"Can a city be estopped by the act of its city treasurer in giving erroneous tax information to owners of real estate who are thereby damnified?"

The issue here involves the general city tax, duly levied upon plaintiffs' real estate in 1926. The validity of the levy is not questioned. The tax has not been paid. Under the circumstances mentioned does the tax levy still exist or should the lien be removed?

The collection of duly levied taxes for governmental purposes is a governmental function and the collection officer cannot, by mistake or misinforma-

tion, work an estoppel, enforceable in a court of equity. The fact, and not the misinformation, controls. The treasurer was serving in a governmental capacity and the right of the municipality in the particular at bar is not to be measured by his mistake of fact. No matter how innocently done the treasurer could not, because of lack of authority, by any representation, make unenforceable a duly levied tax in his official hands for collection.

Counsel for plaintiffs cites *Curnen* v. *Mayor of the City of New York*, 79 N. Y. 511.

In *City of San Angelo* v. *Deutsch*, 126 Tex. 532 (91 S. W. [2d] 308), it was pointedly stated:

"The value of the New York decisions as authorities is weakened by the peculiar facts of *Curnen* v. *Mayor of City of New York*, 79 N. Y. 511, which the other New York cases follow. The taxes were in fact paid through mistake by one who was not the owner of the property and proper entry was made in the tax record. The plaintiff, when he purchased the property, examined the records and found that they showed the taxes to be paid. Thereafter, the city permitted the entry of an agreed judgment for recovery of the taxes and then sought to assert and foreclose a lien. The opinion, in denying the city the right to foreclose as against the purchaser, stresses the fact that at the time he purchased the property the taxes had actually been paid and the lien discharged."

Counsel for plaintiffs also cite Pennsylvania cases, of which it was said, in *City of San Angelo* v. *Deutsch, supra.*

"The Pennsylvania decisions rest primarily, if not wholly, upon a statute which made it the duty of the tax collector to furnish certificates of all taxes and claims secured by lien on real estate and

which was construed by the court as evidencing the intention of the legislature that such certificates when issued should be binding upon the city. A similar statute accounts for the decision in the Iowa case above cited (*Jiska* v. *Ringgold County,* 57 Iowa, 630 [11 N. W. 618])."

In the *City of San Angelo Case, supra,* suit was for an injunction against the city to prohibit it from asserting its tax lien against certain property claimed by the plaintiff:

"Suit by E. P. Deutsch for injunction against the city of San Angelo to prohibit it from asserting its tax lien against certain property claimed by the plaintiff; that plaintiff be quieted in his title to same; that he be declared an innocent purchaser of said property as to such liens for the years 1928, 1929, and 1930; that he be declared the owner of such property, and that the alleged liens of said city be declared null and void."

It was stated in the opinion of the court:

"The question presented for decision is thus concisely stated in the opinion of the court of civil appeals: 'Whether the city is estopped to assert a lien for unpaid taxes, to the injury of an innocent mortgagee who lends money on property as security, on the faith of and in reliance upon, its assessment rolls showing that such taxes have been paid.' "

We quote the following from the opinion:

"The collection of taxes is undoubtedly a governmental function. The Supreme Court of Missouri, in *Simmons Hardware Co.* v. *City of St. Louis,* 192 S. W. (Mo.) 394, 398, declared the power of taxation to be one of the highest and most characteristic of the governmental functions of municipal corporations. Judge Cooley said: 'The power of

taxation is an essential and inherent attribute of sovereignty belonging as a matter of right to every independent government.' 1 Cooley's The Law of Taxation (4th Ed.), § 57. See also: *Philadelphia Mortgage & Trust Co.* v. *Omaha,* 63 Neb. 280 (88 N. W. 523, 93 Am. St. Rep. 442); *Id.* 65 Neb. 93 (90 N. W. 1005, 57 L. R. A. 150, 153); 6 McQuillin's Municipal Corporations (1st Ed.), § 2644, p. 5458; 43 C. J., § 1753, p. 973.

"Since the action of the tax collector in causing the tax records to show that the taxes were paid when in fact they were not paid was unauthorized, and since the tax collector in collecting taxes and in keeping the records essential to their collection was exercising for the city powers essentially public and governmental, it follows that the city is not estopped by the acts of the tax collector from asserting its lien for the taxes, unless exception is made to the well-settled rule that cities are not liable for the unauthorized or negligent acts of their officials in the performance of the city's governmental functions."

After discussing several cases the court proceeded—"The authorities in other States are conflicting," and gave a list *pro* and *con* on the subject; then discussed the New York and Pennsylvania cases and held the city was not estopped.

Defendant has not appealed from the decree entered in the court below and it is affirmed, with costs to defendant.

BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred. BUTZEL, J., took no part in this decision.