[File No. 7344]

REINHOLD WERRE, Appellant, v. BOWMAN COUNTY, NORTH DAKOTA, Respondent.

(58 NW2d 792)

Opinion filed May 28, 1953

F. E. McCurdy, for appellant.
Elmer V. Morland, for respondent.

SATHRE, J.   On December 3rd, 1941 the plaintiff and appellant in this action filed his debtor's petition in proceedings under Section 75 of the Federal Bankruptcy Act.   In the schedules accompanying the petition he listed all of his property, encumbered and unencumbered, including certain lands in Bowman County, North Dakota.   Listed also were all creditors secured and unsecured, including Bowman County, North Dakota, with the amount due and owing to each.

A meeting of the creditors was held on January 20, 1942 for the purpose of effecting an extension or composition agreement.

This however failed. He then filed his "Amended Debtor's petition under subsection S of Section 76 of the Acts of Congress relating to Bankruptcy. A stay was then ordered by the Federal District Court and the bankrupt was permitted to continue his farming operations, under the supervision of M. S. Byrne, the conciliation commissioner for Bowman County, North Dakota. At the meeting of the creditors the State's Attorney of Bowman County appeared and made a motion that the lands listed by the Bankrupt in his schedule be stricken. This motion to strike was presumably made upon the ground that Bowman County was the owner of the said lands.

The order granting the motion recited that the debtor had conceded in open court that he had no right, title or interest in or to the said described lands at the time of filing his petition and schedules.

On October 25th, 1946 after due notice as required by the Bankruptcy Act, and upon recommendation of the Supervising Conciliation Commissioner, the Federal District Court made its order discharging the said Reinhold Werre, Bankrupt, from all debts and claims which are made provable by the Bankruptcy Act against his estate and which existed on the 26th day of January, 1942, on which day his petition for adjudication was filed, excepting such debts as are by law excepted from the operation of discharge in bankruptcy.

There are in the record three notices of expiration of period of redemption, defendant's exhibits 13, 14 and 15, dated May 17, 1950, issued by the county auditor of Bowman County, North Dakota, directed to the plaintiff and appellant, Reinhold Werre. Exhibit 13 covers lot 1, Sec 6, Twp 130, Rge 101 showing the total amount of taxes due $16.50 of which $4.48 is real estate taxes and the remainder of said sum of $12.02 is personal property taxes, penalty and interest for the year 1944 entered against said lands. Exhibit 14, covers the SW¼ of Sec 5, Twp 130, Rge 101 showing the amount necessary for redemption to be $296.16; $22.68 of which is real estate taxes for the year 1944 and personal property taxes entered against said land for the years 1930, 1931, 1932, and 1933 in the sum of $273.48 making a total of $296.16. Exhibit 15 covers the SE¼ NW¼ and Lots 3 and 4,

Sec 5, Twp 130, Rge 101 showing the amount necessary for redemption to be $155.90, $15.48 being real estate taxes for the year 1944, and the remainder personal property taxes of the said bankrupt entered against said land for the years 1934, 1935, 1936, 1937, 1938 and 1939. The lands described in the notices of expiration of period of redemption are the lands which were listed in the bankruptcy schedules and later stricken on motion of Bowman County.

On June 12, 1950 Reinhold Werre made application to the county commissioners of Bowman County for abatement of the taxes that had been extended against the said described lands of which he states that he is the owner. In his application he states that he filed his petition in bankruptcy on August 14, 1943 under Chapter 75 of the amended Bankruptcy Act; that the taxes due Bowman County were listed in his schedules; that in due time he was adjudicated a bankrupt; that Bowman County was given notice to file its claim for taxes as required by the Bankruptcy Act and that the officers of Bowman County wholly failed to file proof of its claim for taxes and that said Bowman County thereby waived its claim. The county commissioners of Bowman County rejected the application for abatement and plaintiff appealed to the district court. The case was tried before the Hon. J. O. Wigen, one of the District Judges of the Sixth Judicial District, and after hearing the court denied plaintiff's application and affirmed the action of the Board of County Commissioners. Judgment was entered accordingly and the plaintiff appealed to the Supreme Court, and demanded a trial de novo on all issues of law and fact.

It is conceded that no formal proof of claim was filed on behalf of Bowman County of any taxes due to it from the bankrupt Reinhold Werre. Appellant contends therefore that since no proof of claim was filed by Bowman County, its claim was barred when the final order of discharge was entered by the Federal District Court.

Appellant further contends that the county is now estopped from asserting any claim for the unpaid taxes. It is not claimed, however, that the taxes are illegal or excessive; but the main

contention is that the county having failed to file its claim it waived all its right to collect such taxes.

At the trial in district court exhibits 1 to 20 both inclusive were by stipulation introduced in evidence. Exhibit 17 is a copy of Bowman County Pioneer dated February 23, 1950, and contains the official proceedings of the board of county commissioners of Bowman County, North Dakota, in regular session January 10, 1950. This exhibit contains the following resolution adopted by the Board of County Commissioners of Bowman County.

"That WHEREAS the delinquent personal property taxes of Reinhold Werre were extended against his real estate on the 3rd day of January 1945, but that inadvertently the same was omitted in the minutes of this Board, this Board does hereby ratify and confirm the extension of said personal property taxes of Reinhold Werre against his real estate, by said officers, and hereby orders and directs the proper officers of Bowman County, if said extension of said personal property taxes, was not proper, to now extend said personal property taxes of Reinhold Werre against any and all real estate held in the name of said Reinhold Werre. All members voted 'Aye' ".

"Following is a list of the personal property taxes of Reinhold Werre giving the year, the amount of tax and the real estate against which the tax is extended:

| Year | Amount | Description | |
|------|--------|-------------|---|
| 1930 | $50.35 | SW¼ | 5–130–101 |
| 1931 | 61.89 | SW¼ | 5–130–101 |
| 1932 | 46.51 | SW¼ | 5–130–101 |
| 1933 | 41.66 | SW¼ | 5–130–101 |
| 1934 | 42.84 | SE¼NW¼ Lots 2–3 of 5–130–101 | |
| 1935 | 24.96 | Lots 3–4 SE¼NW¼ | 5–130–101 |
| 1936 | 7.86 | Lots 2–3–SE¼NW¼ | 5–130–101 |
| 1937 | 19.42 | Lots 2–3 SE¼NW¼ | 5–130–101 |
| 1938 | 5.59 | Lots 3–4 SE¼NW¼ | 5–130–101 |
| 1939 | 2.23 | Lots 3–4 SE¼NW¼ | 5–130–101 |
| 1940 | 3.70 | Lot 1 of Sec. | 6–130–101 |
| 1941 | 4.23 | Lot 1 of Sec. | 6–130–101." |

This resolution was passed in accordance with the provisions of Section 57–2221 NDRC 1943 which provides that at its January meeting in each year, the board of county commissioners shall declare by resolution that all unpaid or uncancelled personal property taxes from and after the date of the extension and entry thereof as provided in this chapter, shall constitute a lien on any and all real estate owned by the tax debtor, or which he may thereafter acquire, and shall make such taxes a specific lien on particular descriptions of real property owned by the tax debtor as of the date of the extension and entry of such lien.

The lands against which the delinquent personal property taxes were extended are the same lands that had previously been stricken from the schedules of the bankrupt as not being his property at that time. It is not clear as to when the bankrupt acquired title to the said described land and the only reference thereto in the transcript is certain testimony given by M. S. Byrne the conciliation Commissioner. This testimony is as follows:

Q. At the time that this order was entered do you, according to your best recollection, know whether there was any testimony offered as to whether Reinhold Werre owned the land.

A. I think there was testimony to the effect that he just purchased it, under a contract for deed. This is to the best of my recollection.

However, in his application for abatement and settlement of the taxes in question made by the bankrupt, Reinhold Werre, on June 12, 1950, he asserts that he is the record owner and holds deeds to the lands in Bowman County, North Dakota, described as set forth in the foregoing resolution adopted by the county commissioners of Bowman County, on January 10, 1950.

The plaintiff and appellant contended in the court below as he does here, that the failure of Bowman county to file proof of its claim for taxes constituted a waiver and estoppel and that it was barred from asserting its claim by the order of discharge made by the bankruptcy court October 26, 1946.

In his application for abatement appellant states that he is selling the said lands to one George Izzler and desires to convey

clear title to such lands and for that reason makes the application to have the said taxes abated so that he can transfer good title to the purchaser. Bowman County contends however that formal proof of its claim for taxes is not a prerequisite to payment thereof.

8 Corpus Juris Secundum, Bankruptcy, page 1285 Sec 425 states the rule as follows:

"It is generally held, however, that a tax claim entitled to prior payment under the terms of Bankruptcy Act Sec 64 (a) (11 USCA Sec 104 (a),), in accordance with the rules discussed in Sec 454 infra, need not be regularly and formally proved as required by the provisions relating to proof, since taxes are not debts of the bankrupt within the meaning of these provisions, and it is the trustee's duty to pay them whenever they are brought to his attention. Accordingly, the bankruptcy court will pass upon a claim for taxes and its legality and amount without a proof of claim having been filed, but the taxes must in some manner be brought to the attention of the court or the trustee before the assets of the estate have been distributed in order to have a right of action for the nonpayment thereof."
and in 31 CJS Estoppel page 412, Sec 140 it is stated:

"When acting in its sovereign or governmental capacity, the United States or a state ordinarily is not estopped. The doctrine of estoppel will not be applied to deprive the government of the due exercise of its police power, or to affect public revenues or property rights, or to frustrate the purpose of its laws or thwart its public policy."

We quote further from the Michigan case of Lovett v. City Treasurer of Detroit, 281 NW 576, 286 Mich 159:

"The collection of duly levied taxes for governmental purposes is a governmental function and the collection officer cannot, by mistake or misinformation, work an estoppel, enforceable in a court of equity. The fact, and not the misinformation, controls. The treasurer was serving in a governmental capacity and the right of the municipality in the particular at bar is not to be measured by his mistake of fact. No matter how innocently done the treasurer could not, because of lack of authority, by

any representation, make unenforceable a duly levied tax in his official hands for collection."

"Subdivisions 2 and 3 of Sec 57–0240 NDRC 1943 provide as follows:

2. Taxes upon personal property shall not be affected by any general statute of limitation.

3. A tax lien shall include the principal of the tax, and all costs, penalties, interest, charges, and expenses which by law shall accrue, attach, or be incurred.

Sec 35 of the Federal Bankruptcy Act USCA Vol 11 provides:

·(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part except such as are . . . due as a tax levied by ·the United States, or any state, county, district or municipality."

See also In re Gould Manufacturing Co., District Court, ED Wis 11 Fed Supp page 644.

In the case at bar the plaintiff and appellant listed in his schedules in bankruptcy as his obligation the taxes due and owing to Bowman County. Under the authorities cited herein the fact that no ·proof was made· of such taxes in the bankruptcy court does not invalidate them. Under the state law they are not affected by or subject to the statute of limitations. Under the bankruptcy statute Sec 35, supra, a discharge in bankruptcy does not· release the bankrupt from valid taxes due and delinquent. ·The plaintiff and appellant admitted in his application for abatement of the taxes involved here that he was the owner of the lands described therein. The county commissioners of Bowman County acting under the authority of Sec 57–2221 extended the delinquent taxes against the said lands owned by the plaintiff and appellant. As pointed out herein appellant does not challenge the validity of these taxes. He listed them in the schedule as valid obligations payable out of the assets in the hands of the trustee in bankruptcy.

Plaintiff's exhibit 11 is a certified copy of the bankrupt's transactions with reference to the property of the estate which was in his possession during the stay of the bankruptcy proceedings; also a certified copy of the order of the supervising conciliation commissioner approving said report. In the report

the bankrupt states that through arrangement and agreement with the mortgagees he sold all of the mortgaged property and paid the proceeds of the sale to the mortgagees to apply on their claims and that this was done by permission and under the supervision of the conciliation commissioner of Bowman County. However, in his testimony at the trial in the district court he stated that he paid the proceeds of the sale to the conciliation commissioner and that the commissioner paid the money to the mortgagees. On cross examination by counsel for Bowman County he was asked the following question:

"What I am getting at is the property that you sold (Interrupting) Yes. (Continuing) was the identical property that was assessed for which this personal property tax was assessed? Answer, yes."

There is nothing in the record to indicate that any action was taken by the bankruptcy court or by the conciliation commissioner either allowing or disallowing the taxes claimed by Bowman County.

The lands against which the county commissioners of Bowman County extended the taxes involved here are the same lands which appellant listed in his original schedules as part of his assets. The fact that he was served with notices of expiration of period of redemption would indicate that Bowman County held tax certificates to said lands. He therefore had the right to make redemption and this was an interest in the land at least of some potential value. Evidently he is now in position to redeem from the tax sale. Under these circumstances and upon the whole record the county commissioners rightly extended the delinquent personal property taxes of the appellant against these lands.

The judgment of the district court is affirmed.

MORRIS, C. J., and CHRISTIANSON, GRIMSON and BURKE, JJ., concur.